IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN GORTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-05-498-L |
| v. | ) |
| | ) |
| RON WARD, Director, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241.[1] Petitioner alleges his due process rights were violated in a disciplinary proceeding conducted at the Lawton Correctional Facility ("LCF") where he is incarcerated. Respondent has responded to the Petition, and Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

---

[1]Although Petitioner filed the *pro se* Petition on a form for 28 U.S.C. §2254 petitions, Petitioner is obviously challenging the execution of his sentence rather than the sentence he is serving as he attacks only the constitutionality of the procedures employed in and the result of an institutional disciplinary proceeding. Consequently, the Petition is construed as a 28 U.S.C. §2241 Petition for Writ of Habeas Corpus. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(noting "an action is properly brought under §2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to §2241 as an attack on the execution of his sentence").

Petitioner contends that his due process rights were violated in connection with an institutional disciplinary hearing conducted at LCF on November 26, 2004, in which punishment was imposed including the forfeiture of 365 days of earned credits. Specifically, Petitioner contends that he was not permitted to have the assistance of a staff representative, that he "cannot walk without assistance but was given no assistance when I was told to go to the hearing" and he consequently did not attend the disciplinary hearing, and that there was no evidence to support the finding of guilt in the disciplinary proceeding. Respondent contends that Petitioner waived his right to allege due process violations because he failed to appear for the disciplinary hearing and, alternatively, that Petitioner's due process rights were not violated in the disciplinary proceeding.

Petitioner has a liberty interest in the earned credits which were removed in the disciplinary proceeding he challenges herein. It is well-established that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991)(quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). Because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights afforded to defendants in criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present

2

witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1984). The revocation of earned credits must also be supported by "some evidence" in the record in order to comport with due process in these circumstances. Id.  A review of institutional disciplinary proceedings based on this standard does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." Id. at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456. Thus, this Court's review of Petitioner's institutional disciplinary proceeding is "limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

      The record of the disciplinary proceeding being challenged by Petitioner clearly shows that Petitioner was afforded due process commensurate with the foregoing standard. Petitioner contends that he was not permitted a staff representative and that because he has difficulty walking he could not attend the hearing after his request for ambulatory assistance was denied. The record shows that a misconduct report was issued on November 26, 2004, by an LCF correctional officer alleging that on November 26, 2004, Petitioner committed the misconduct offense of "menacing" when he threatened to kill the reporting officer for not picking up Petitioner's soap while Petitioner was taking a shower. Petitioner signed the misconduct report reflecting that he received a copy of the charges on December 7, 2004, and

that he requested a hearing.  A written investigating officer's report indicates that after Petitioner received notice of the charge Petitioner was given the opportunity to make a statement or provide documentary evidence regarding the offense but that Petitioner declined, stating he would make a statement at the disciplinary hearing.  The investigator's report also reflects that Petitioner requested to call another inmate as a witness and that the investigator determined assignment of a staff representative was not warranted.

Nothing in the investigating officer's report reflects that Petitioner requested a staff representative or special assistance to attend the disciplinary hearing.  The investigating officer's report contains notice to Petitioner of the hearing date and time and contains Petitioner's signature acknowledging his receipt of a copy of the report.  Prior to the disciplinary hearing, the investigating officer took a written statement from the inmate witness requested by Petitioner.  In this written statement, the inmate witness stated that Petitioner did not threaten the reporting officer but that Petitioner threatened to put a bar of soap on the reporting officer's desk.  The disciplinary hearing report reflects that a hearing was held on the charge, that Petitioner refused to attend the hearing, and that Petitioner was found guilty of the misconduct.  The report includes a statement of the evidence relied on in reaching the guilty finding, the punishment imposed including the forfeiture of 365 days of earned credits, and the signature of the facility head affirming the guilty finding and punishment imposed for the misconduct.  The report indicates that Petitioner refused to sign the report to acknowledge his receipt of a copy of the disposition.

Petitioner attempted to appeal the discipline imposed in the proceeding, but his appeal documents were returned to him unanswered. Petitioner was informed that the appeal was returned to him because his refusal/failure to attend the disciplinary hearing resulted in his waiver of his opportunity to have a hearing and participate in the appeal process under established Oklahoma Department of Corrections policy OP-060125(IV)(C)(3).

In response to Petitioner's allegation that his physical inability to attend the hearing denied him due process, Respondent provides two affidavits. In the affidavit of LCF correctional officer Johnson, Johnson avers that he was conducting inmate disciplinary hearings "on December 9, 2005[sic]," in housing unit number 4, a protective custody unit. Johnson avers he advised the correctional officer in the unit of the inmates needed for the hearing, and he noted that Petitioner, who was housed in the unit, did not come out of his cell for his hearing. Johnson avers he entered Petitioner's housing pod and advised Petitioner he needed to attend his disciplinary hearing. Johnson avers that Petitioner stated he could not walk, that Johnson then asked the correctional officer in the unit whether Petitioner had any medical restriction, and that the correctional officer advised Johnson that Petitioner had no medical restriction. Johnson avers he then informed Petitioner the disciplinary hearing would proceed without him if Petitioner was not in the hearing room in five minutes, and that Petitioner did not appear for the hearing although he was given a total of 30 minutes to arrive at his hearing. In the affidavit of LCF health services administrator DeWeese, Mr. DeWeese avers that during the month of December 2004 Petitioner had no reason or medical condition

that would have prevented him from walking to a disciplinary hearing being conducted in a classroom in the housing unit in which he was assigned.

In reply to the Respondent's Response, Petitioner provides no documentary evidence to support his assertion that he was physically incapable of attending his disciplinary hearing conducted in December 2004. Petitioner asserts in conclusory fashion and without benefit of significant details, including dates, that he "has fallen" and that because of an unidentified medical condition he has been prescribed a walker by the prison's medical unit.  In Petitioner's attempted appeal of the disciplinary decision he stated that he asked the disciplinary hearing officer for "a wheelchair or someone to help" him attend the hearing and that this request was refused.  Petitioner states that he then "stumbled back up the stairs" in his housing pod.  He does not dispute the affidavit of the LCF health services administrator that the disciplinary hearing was conducted in a classroom in his housing unit.  Petitioner also does not dispute the disciplinary hearing officer's affidavit in which the officer avers that Petitioner was given 30 minutes to arrive at his hearing after the officer orally advised Petitioner of the need for his appearance at the hearing.

Petitioner was given written and oral notice of the hearing and an opportunity to present witnesses and evidence prior to and during the hearing.  Petitioner does not allege that he was unable to present specific evidence at the disciplinary hearing.  The witness he requested provided a written statement for use at the disciplinary hearing. Petitioner declined to give a statement to the investigating officer prior to the hearing, although he was given the opportunity to do so.  Assuming the truth of Petitioner's assertion that correctional officers

denied his oral request immediately before the hearing for ambulatory "assistance" to aid in his attending the disciplinary hearing, Petitioner has not shown a due process deprivation.[2] The undisputed facts reflect that Petitioner declined to attend the disciplinary hearing being conducted in his housing unit and went back upstairs to his cell after his oral request to correctional officers for a wheelchair or some other type of ambulatory assistance was rejected. The assignment of a staff representative is not constitutionally required, and Petitioner has failed to provide evidence showing that he was unable to present witnesses or documentary evidence at his disciplinary hearing without the assistance of a staff representative. Additionally, there was "some evidence" presented at the disciplinary hearing in the form of the misconduct report containing the statement of the reporting officer that Petitioner threatened the officer's life when the officer refused to pick up Petitioner's soap while Petitioner was showering. Accordingly, Petitioner has not shown a due process deprivation in connection with the disciplinary proceeding, resulting in the forfeiture of earned credits, and he is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 8<u>th</u>, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is

---

[2] The undersigned declines to address Respondent's alternative procedural waiver argument because the Petition, when considered on its merits, is without merit.

further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __18th__ day of __July__, 2005.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE